IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02675-WDM-KLM

CAROL J. VALENTIN,

    Plaintiff,

v.

TARGET CORPORATION,

    Defendant.

## ORDER OF REMAND

Miller, J.

This case is before me on the Notice of Removal filed by Defendant Target Corporation. Defendant removed this case to this Court on December 26, 2007 on the basis of diversity jurisdiction. 28 U.S.C. § 1332. In its Notice, Defendant asserts that there is complete diversity of citizenship between the parties. Moreover, although Plaintiff's complaint does not allege a specified amount of damages, Defendant alleges in its Notice of Removal that the amount in controversy exceeds $75,000. However, because no facts or evidence are provided that would support this assertion, I cannot find that the requirements of diversity jurisdiction are met.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not

dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

I cannot determine from the face of the complaint the amount in controversy. This is a personal injury case involving physical and other injuries allegedly incurred by Plaintiff as a result of slipping on a liquid at one of Defendant's stores. Defendant relies on the generic listing of Plaintiff's damages categories and Plaintiff's District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed pursuant to the Colorado Rules of Civil Procedure in the original state court action, to establish the amount in controversy.[1] This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies. Here, Plaintiff checked boxes indicating that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more

---

[1]Defendant also cites a number of cases which establish that the civil cover sheet may be sufficient to put a defendant on notice that the amount in controversy could exceed $75,000 for the purposes of the *timing* of removal. These cases, however, do not modify the Tenth Circuit precedent regarding a defendant's burden to *affirmatively establish* the amount in controversy in a removed case.

2

than $100,000.00 against another party, including any attorney fees, penalties or punitive damages." I decline to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction. Moreover, since there are no facts indicating benchmark amounts from which I could infer such elements as actual medical costs, Plaintiff's previous salary or income, degree of impairment, or other relevant information, I cannot determine without speculating whether these categories of damages would be sufficient to meet the jurisdictional requirement. Since no other facts or evidence are included in the Notice of Removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

Accordingly, it is ordered:

1. This case shall be remanded to the District Court, Jefferson County, Colorado.

DATED at Denver, Colorado, on January 2, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge